UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HADEL TOMA,

    Plaintiff,

vs.

Case No. 18-CV-11066
HON. GEORGE CARAM STEEH

38th DISTRICT COURT,

    Defendant.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On April 13, 2018, this court granted pro se plaintiff Hadel Toma's request to proceed *in forma pauperis* in her discrimination claim brought under the Americans with Disabilities Act ("ADA"), and pursuant to the screening requirements of 28 U.S.C. § 1915(e)(2)(B), the court show caused Plaintiff to demonstrate why her complaint should not be dismissed for failure to exhaust her administrative remedies. Plaintiff timely replied to the court's show cause order with a copy of the dismissal of her complaint which she filed with the Michigan Department of Civil Rights. Plaintiff has not presented proof that she filed a claim with the Equal Employment Opportunity Commission ("EEOC").

In order to bring a claim under the ADA, a plaintiff must file an EEOC charge within 180 days of the alleged discrimination, or 300 days if she first

files with state or local agencies with authority to grant relief from such practices.  *See* 42 U.S.C. §§ 12117(a) and 2000e-5(e)(1); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000).  Filing with the state agency does not excuse a plaintiff from filing with the EEOC.  42 U.S.C. §2000e-5(e)(1).  Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action.  *See* 42 U.S.C. § 2000e-5(f)(1).  "The exhaustion of administrative remedies is a condition precedent to an ADA action."  *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002).  Here, Plaintiff has only submitted proof that she filed with the Michigan Department of Civil Rights, but has submitted no proof that she filed with the EEOC and received a right-to-sue letter.  A right-to-sue letter is not a jurisdictional requirement, but is a condition precedent to maintaining an employment discrimination claim under the ADA.   *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031-32 (6th Cir. 1998); *Parry*, 236 F.3d at 309.  Plaintiff's failure to satisfy this condition precedent can result in the dismissal of the action without prejudice.  *Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002).

Here Plaintiff has not shown that she filed an EEOC complaint nor alleged any basis for justifying "waiver, estoppel or equitable tolling" of the

right-to-sue letter requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Accordingly,

IT IS ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: May 2, 2018

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 2, 2018, by electronic and/or ordinary mail and also on Hadel Toma, 22420 Kelly Road, Eastpointe, MI 48021.

s/Barbara Radke
Deputy Clerk