UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HADEL TOMA,

    Plaintiff,                             Case No. 18-CV-11066

    v.                                     Hon. George Caram Steeh

38TH DISTRICT COURT,

    Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT (Doc. 22), DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT (Doc. 19), AND ORDER OF DISMISSAL

*Pro se* plaintiff Hadel Toma filed this lawsuit alleging that he was denied his request to bring his emotional support dog into traffic court in alleged violation of the Americans with Disabilities Act ("ADA"). On October 25, 2018, the clerk filed an entry of default. (Doc. 17). Now before the court is defendant 38th District Court's motion to set aside the entry of default, and to dismiss this action. Also pending is plaintiff's motion for default judgment (Doc. 19). For the reasons set forth below, defendant's motion to set aside the Clerk's entry of default shall be granted, and defendant's request to dismiss this lawsuit shall be granted, and plaintiff's motion for default judgment shall be denied as moot.

## I. Factual Background

The United States Marshal served defendant 38th District Court by mailing by certified mail a copy of the summons, USM 285 form, and copy of the Complaint, to the street address provided by plaintiff. The certified mail was signed by the court officer assigned to pick up mail, not by anyone authorized to accept service of process. Plaintiff's statement of claim is set forth in its entirety below:

> I was denied hearing [a]id services by the Magistrate who laughed at me screaming there's "nothing wrong with you" and who would not allow my emotional support dog in the court. This happened at my traffic court case in 2016 of May 2 and April as well. Magistrate Karen Hayette did this as she was supposedly filling in for the Disability Coordinator. She humiliated me and my rights and it was only when [I] made a big stink in the courtroom were they forced to provide a microphone, a person disabled should never have to go through this. I told Magistrate Hayette I have vision problems as well and should my witness come and sign in, please inform the Judge and she did not.

(Doc.1 at PgID 5).

## II. Analysis

**A. Improper Service**

When service of process is improper, the entry of default is void, and the court must set it aside. *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir. 2003). Here, the Marshal did not effectuate service in compliance with Federal Rule of Civil Procedure 4(j)(2) or M.C.R.

2.105(G) when he mailed the summons and complaint to defendant's local street address, rather than to an office of the court, namely a court administrator, court clerk, or chief judge, and was not separately mailed by registered mail to that officer at his or her office. Accordingly, the entry of default was improvidently granted, and defendant's motion to set aside the default must be granted.

**B. Subject Matter Jurisdiction**

Next, the court considered defendant's argument that the complaint should be dismissed because it is entitled to Eleventh Amendment sovereign immunity. Defendant admits that if plaintiff states a claim under the ADA, the doctrine of sovereign immunity does not apply. For the reasons set forth below, plaintiff has not alleged a viable disability discrimination claim under the ADA; thus, defendant is entitled to Eleventh Amendment immunity, and this action must be dismissed.

Plaintiff alleges a claim for denial of access to the court on the basis of his disability in alleged violation of Title I of the ADA. Title II of the ADA, 42 U.S.C. § 12132, states in broad language that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." Under Title II of the ADA, Congress has abrogated a State's Eleventh Amendment immunity in certain instances, including where "an individual assert[s] a claim against a state or its employees for violation of the right of access to the courts." *Bedford v. Michigan*, 722 F. App'x 515, 519 (2018) (citing *Tennessee v. Lane*, 541 U.S. 509, 533-54 (2004)).

Defendant argues that plaintiff cannot proceed under the ADA because that statute does not permit an individual to bring an emotional support dog into court, and the court accommodated plaintiff's request pertaining to his hearing disability by providing him with a microphone. Defendant is correct that the regulations governing ADA claims specifically exempt emotional support dogs as service animals under the ADA. "An animal that simply provides comfort or reassurance is equivalent to a household pet, and does not qualify as a service animal under the ADA." *Rose v. Springfield-Green Cnty. Health Dep't.,* 668 F. Supp. 2d 1206, 1215 (W.D. Mo. 2009). The Seventh Circuit had observed that emotional support animals are not considered service animals which fall under Title II's mandate. *Sykes v. Cook Cnty. Ct. Prob. Div.,* 837 F.3d 736, 740 (7th Cir. 2016). The ADA's regulations define a "service animal" as "any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability." 28 C.F.R. § 36.104. The regulation further

provides the work or tasks performed by the dog "must be directly related to the individual's disability," and "the provision of emotional support, well-being, comfort, or companionship do[es] not constitute work or tasks for the purposes of this definition." *Id.* Thus, plaintiff's claim that defendant failed to reasonably accommodate his disability by prohibiting him from bringing his emotional support dog into court shall be dismissed.

Also, neither plaintiff's Complaint nor his response to defendant's motion to set aside default alleges that he requested any other accommodation besides the emotional support dog, or that his access to the court to present his case was hindered by his alleged hearing or alleged visual disability. In order to state a claim under Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against; and (3) that such exclusion or discrimination was by reason of his disability. *Anderson v. City of Blue Ash,* 798 F.3d 338, 357 (6th Cir. 2015). In ruling on defendant's motion, the court is mindful that *pro se* litigants are held to a less stringent standard than an attorney, and their papers shall be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Even under this liberal standard, plaintiff's

Complaint is deficient and fails to state an ADA claim. Other than the denial of his emotional support dog, plaintiff has not alleged any facts in support of his claim of disability discrimination, or any facts to suggest he was prohibited from making his case in traffic court.

III. Conclusion

For the reasons set forth above, defendant's motion to set aside the Clerk's entry of default (Doc. 22) IS GRANTED, plaintiff's motion for default judgment (Doc. 19) IS DENIED AS MOOT, and this action IS DISMISSED.

In addition, because any appeal of this order would not be taken in good faith, plaintiff IS DENIED leave to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: April 29, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 29, 2019, by electronic and/or ordinary mail and also on Hadel Toma, 22420 Kelly Road, Eastpointe, MI 48021.

s/Barbara Radke
Deputy Clerk